IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

BRUCE WILDE,

    Plaintiff,

v.

PROTECTION ONE ALARM
MONITORING, INC.,

    Defendant.

_____/

Case No.: 12 09397

Division: DIVISION K

RECEIVED
JUN 13 2012
CLERK OF THE CIRCUIT COURT
HILLSBOROUGH COUNTY
CIRCUIT CIVIL DIVISION

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BRUCE WILDE, by and through Plaintiff's undersigned counsel, hereby brings this action against Defendant, PROTECTION ONE ALARM MONITORING, INC., and states:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of $15,000.00 for violations of the Family and Medical Leave Act of 1993 ("FMLA").

2. Venue lies within Hillsborough County because the events giving rise to this claim arose in this Judicial District.

### PARTIES

3. Plaintiff is a resident of Hillsborough County, Florida.

4. Plaintiff is an "employee" within the meaning of the FMLA.

5. Defendant is authorized and doing business in this Judicial District.

6. Defendant is an "employer" within the meaning of the FMLA.

### GENERAL ALLEGATIONS

7. Plaintiff has satisfied all conditions precedent.

8. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

9. Plaintiff requests a jury trial for all issues so triable.

## FACTS

10. Plaintiff worked for Defendant until his termination.

11. At all times material hereto, both Plaintiff's mother and father suffered from serious medical conditions.

12. In early November 2011, Plaintiff told his immediate supervisor, Jim Dunbar, that Plaintiff's father had cancer. Mr. Dunbar told Plaintiff to resign.

13. Subsequently, Plaintiff called human resources for Defendant, on or about November 7, 2011. That department told Plaintiff that his FMLA leave would not begin until he turned in FMLA paperwork.

14. The human resources department also told Plaintiff on multiple occasions over the next two months that his FMLA leave would expire on or about February 7, 2012.

15. Plaintiff checked in with his supervisor various times while on leave. Plaintiff made his supervisor aware that he had been told that he would need to return to work by February 7, 2012.

16. Plaintiff made arrangements and planned to return to work before his leave was to expire.

17. Subsequently, on or about January 31, 2012, Plaintiff learned via correspondence mailed by Defendant's human resources department that his last day of work was January 30, 2012. Plaintiff learned of his termination on or about this day.

## COUNT I – FMLA INTERFERENCE

18. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 17 of this Complaint as though fully set forth herein.

19. At all times relevant to the facts alleged in this Complaint, Plaintiff suffered from one or more serious health conditions pursuant to the FMLA.

20. Plaintiff exercised Plaintiff's FMLA rights and Defendant interfered with Plaintiff's rights under the FMLA in violation of 29 U.S.C. §§ 2614(a)(1)(A) and 2615(a)(2).

21. Defendant's actions were willful and done with malice.

22. Plaintiff was injured due to Defendant's violations of the FMLA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) The Court enter a judgment that Defendant interfered with Plaintiff's rights in violation of the FMLA;

(b) An injunction restraining continued violation of the FMLA;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, enter a judgment pursuant to 29 U.S.C. Section 2617(a)(1)(A)(i)(II) against Defendant and in favor of Plaintiff for the monetary losses Plaintiff suffered as a direct result of Defendant's violation of the FMLA;

(e) Front pay;

(f) Liquidated Damages;

(g) Prejudgment interest on all monetary recovery obtained;

(h)　　All costs and attorney's fees incurred in prosecuting these claims;

(i)　　For such further relief as the Court deems just and equitable.

## COUNT II – FMLA RETALIATION

23.　　Plaintiff realleges and readopts the allegations of Paragraphs 1 through 17 of this Complaint as though fully set forth herein.

24.　　At all times relevant to the facts alleged in this Complaint, Plaintiff suffered from one or more serious health conditions pursuant to the FMLA.

25.　　Plaintiff exercised his rights under the FMLA.

26.　　Defendant retaliated against Plaintiff for attempting to exercise Plaintiff's FMLA rights, including but not limited to Plaintiff's termination.

27.　　Defendant's actions were willful and done with malice.

28.　　Plaintiff was injured due to Defendant's violations of the FMLA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a)　　The Court enter a judgment that Defendant retaliated against Plaintiff in violation of the FMLA;

(b)　　An injunction restraining continued violation of the FMLA;

(c)　　Compensation for lost wages, benefits, and other remuneration;

(d)　　Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, enter a judgment pursuant to 29 U.S.C. Section 2617(a)(1)(A)(i)(II) against Defendant and in favor of Plaintiff for the monetary losses Plaintiff suffered as a direct result of Defendant's violation of the FMLA;

(e)    Front pay;

(f)    Liquidated Damages;

(g)    Prejudgment interest on all monetary recovery obtained;

(h)    All costs and attorney's fees incurred in prosecuting these claims;

(i)    For such further relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues.

Dated this ____ day of June, 2012.

Respectfully submitted,

*/s/ Matthew K. Fenton*

**MATTHEW K. FENTON**
Florida Bar No. 0002089
**DAVID H. BROWNE**
Florida Bar No. 0089778
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue, Suite 300
Tampa, Florida 33602
Telephone: 813-224-0431
Facsimile: 813-229-8712
E-Mail: mfenton@wfclaw.com
E-Mail: dbrowne@wfclaw.com
**Attorneys for Plaintiff**